UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JEREMY TEMEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:24-CV-00106 ACL |
| ) | |
| CLAY STANTON, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER OF TRANSFER**

Petitioner, who is presently incarcerated at the Northeast Correctional Center (NECC) in Bowling Green, Missouri, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court will transfer this case to the United States District Court for the Western District of Missouri.

On May 25, 2021, petitioner pled guilty to unlawful possession of a firearm and possession of a controlled substance in the Circuit Court of Webster County, Missouri. *State v. Temen*, No. 20WE-CR00875-01 (30th Jud. Cir.). Petitioner was given a Suspended Imposition of Sentence (SIS) and sentenced to five years supervised probation with the Missouri Board of Probation and Parole. Petitioner's probation was revoked on December 21, 2023, and he was sentenced to a ten-year term of imprisonment in the Missouri Department of Corrections. It appears that petitioner is challenging both his original sentence and his revocation in his petition for writ of habeas corpus.

Webster County is located in the Western District of Missouri. 28 U.S.C. § 105(b)(5). NECC, where petitioner is currently incarcerated, is located in the Eastern District of Missouri. 28 U.S.C. § 105(a)(1). Pursuant to 28 U.S.C. § 2241(d), the district courts for the Eastern District of Missouri and the Western District of Missouri have concurrent jurisdiction to hear this case. In circumstances such as this, the district court in which the petition was originally filed may, in the

exercise of its discretion and in the furtherance of justice, transfer the case to the other district for hearing and determination. *Id.* In addition, 28 U.S.C. § 1404(a) provides that a district court, for the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought.

Transfer of this action is appropriate because petitioner's constitutional claims are based upon a conviction entered in a circuit court located within the Western District of Missouri, the relevant records are located there, and if hearings are required, the Western District of Missouri would be more convenient for witnesses. In addition, the Court entered an administrative order stating that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. *In re Business of the Court*, January 27, 1986. As such, the Court will therefore order that this case be transferred to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 2241(d).

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel and motion for discovery [ECF Nos. 2 and 3] are **ADMINISTRATIVELY TERMINATED.** Petitioner may renew his motions in the United States District Court for the Western District of Missouri after transfer of this action.

Dated this 19th day of December, 2024.

                                                HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE